# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DISTRICT

| | |
|---|---|
| **CHANDRASEKHAR GUNTURU,** | |
| **PLAINTIFF,** | **Case No.** |
| **V.** | |
| **BADGER MUTUAL INSURANCE COMPANY,** | **COMPLAINT** **JURY TRIAL DEMANDED** |
| **DEFENDANT.** | |

## <u>COMPLAINT</u>

**COMES NOW** Plaintiff, Chandrasekhar Gunturu ("Plaintiff") by and through its undersigned counsel, for his Complaint against Badger Mutual Insurance Company ("Defendant"), states and alleges as follows:

1. Plaintiff is an individual whose primary residence and domicile is located at 3120 Olive Lane N., Plymouth, Minnesota 55447 (the "Property").

2. Defendant is an insurance company licensed to do business in the State of Minnesota with its principal place of business located at 1134 N 9th. St., Milwaukee, WI 53233.

3. This Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1332 because the Plaintiff is diverse from the Defendant and the amount in controversy exceeds $75,000.

1

4. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1391 because the judicial district in which Defendant resides is located within its jurisdiction and the actions giving rise to this Complaint—namely failure to properly adjust and evaluate the amount of loss—is located therein.

## FACTUAL ALLEGATIONS

5. At all times relevant hereto, Plaintiff maintained a policy of insurance with Defendant (the "Policy").

6. The Policy provides indemnity for costs to repair damage caused by, among other things, wind and hail to the Property.

7. On or about July 27, 2025, the Property sustained significant damage as the result of a wind and hail storm (the "Loss").

8. Plaintiff timely reported the Loss to Defendant, and the Loss was assigned claim number C000061948 (the "Claim").

9. Defendant acknowledged damage from the Loss, but on or about May 20, 2026 denied payment thereon.

10. Plaintiff's contractor estimates the amount of Loss is more than $268,208.

11. In light of the parties' dispute over the amount of Loss, Plaintiff demanded appraisal, an alternative dispute resolution mechanism available under the Policy and required by Minn. Stat. § 65A.26 as a condition to issuance of any policy issued in the State.

12. To date, the parties have not resolved their dispute over the amount of Loss.

2

**COUNT I**
**BREACH OF CONTRACT**

13.     Plaintiff restates and realleges each of the foregoing paragraphs as though fully set forth herein.

14.     The Policy is a contract between the Plaintiff and Defendant. Defendant agreed to provide the Plaintiff with insurance in exchange for payment of money.

15.     Plaintiff has performed all conditions precedent necessary to obligate Defendant to perform under the Policy, including paying premiums to secure insurance and tendering performance pursuant to the contract.

16.     Defendant has breached the Policy by failing to fully and fairly adjust and pay the Loss.

17.     As a direct result of Defendant's breach of contract, Plaintiff has been damaged in an amount in excess of $75,000, the specific amount to be determined by an appraisal panel, reserving any legal questions for the Court.

**COUNT II**
**DECLARATORY JUDGMENT**

18.     Plaintiff restates and realleges each of the foregoing paragraphs as though fully set forth herein.

19.     Defendant has failed to pay the Loss in total, in contravention of the express language of the Policy.

20.     There is a real and justiciable controversy between the Plaintiffs and Defendant over the extent to which the Policy provides indemnity and coverage for damages, both direct and consequential, relating to the Loss.

21. Plaintiff is entitled to a judicial declaration that the Policy includes coverage for the damages arising out of the Loss and appraisal is the appropriate avenue to resolve the Parties' dispute over the amount of the Loss.

22. Plaintiff is entitled to judicial declaration that the provisions of the Policy must be construed against Defendant.

23. Plaintiff is entitled to a judicial declaration that the subject Policy includes coverage for the damages arising out of the Loss.

24. Plaintiff is entitled to an appraisal of the Loss to determine the amount of Loss.

25. Plaintiff is entitled to judicial enforcement of any appraisal award.

26. Plaintiff is entitled to judicial declaration that the amount of Loss, including the costs of building code required repairs, repairs with reasonably comparable materials ("matching"), and other repairs necessary to restore the Property to the same or better condition than it was in before the date of Loss, are covered under the Policy.

27. Plaintiff is entitled to judicial declaration that the Policy's limitation for suit or any recoverable depreciation deadline is unreasonably short given the parties have not agreed upon the amount of Loss.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for the following relief:

1. Judgment in favor of Plaintiff and against Defendant for an amount in excess of $75,000, the exact amount to be proven at appraisal, plus costs, attorneys fees, and applicable interest;

4

2.      An order compelling the Parties to address the amount of Loss dispute through the mandatory appraisal process;

3.      An order staying this lawsuit pending the resolution of the insurance appraisal;

4.      Pre-judgment and post-judgment inteterest as allowed by law;

5.      Reasonable attorneys' fees and costs;

6.      Trial by Jury of the remaining issues is hereby demanded; and

7.      For such other relief as this Court deems just and equitable.

**SMITH JADIN JOHNSON, PLLC**

Dated: July 27, 2027

*/s/Alexander Jadin*
Alexander M. Jadin (#WI1090947)
7900 Xerxes Avenue South, Suite 600
Bloomington, MN 55437
Telephone: (651) 502-2886
Facsimile: (612) 235-7927
ajadin@sjjlawfirm.com
***Attorneys for Plaintiff***
